**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

BRAYAN ERNESTO DEL CID,

   Plaintiff,

v.

EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW,

   Defendant.

Case No. 21-cv-611-RMM

**MEMORANDUM OPINION AND ORDER**

On March 8, 2021, Plaintiff Brayan Ernesto Del Cid ("Plaintiff" or "Mr. Del Cid") filed the instant action against the U.S. Department of Justice, Executive Office for Immigration Review ("Defendant" or "EOIR") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking a copy of all available documentation related to Mr. Del Cid's prior immigration proceedings. *See* Ex. A to Compl. at 1, ECF No. 1-2;[1] *see also* Pl.'s Mem. in Supp. of Mot. for Att'y's Fees & Costs ("Pl.'s Mem.") at 3, ECF No. 20-1. Approximately one month later, EOIR released to Mr. Del Cid all records responsive to the request that it could locate. *See* Joint Status Report, ECF No. 14. That release of records resolved the substantive FOIA claims, and Mr. Del Cid now seeks an award of attorney's fees and costs. *See id.*

In the pending motion for a fee award, Mr. Del Cid argues that he is eligible to recover attorney's fees and costs under the FOIA because he substantially prevailed in this lawsuit by causing EOIR to release the records that he sought, and that the circumstances surrounding his request also make him entitled to fees. *See* Pl.'s Mot. for Att'y's Fees & Costs ("Pl.'s Mot."),

---

[1] Throughout, page citations to documents in the record refer to the document's original pagination, unless the page is asterisked (e.g., *1), in which case the reference is to the pagination assigned by PACER/ECF.

ECF No. 20; *see also* Pl.'s Mem. at 1.  EOIR opposes the motion and asserts that Mr. Del Cid is neither eligible for nor entitled to attorney's fees.  *See* Def.'s Opp'n to Pl.'s Mot. for Fees & Costs ("Def.'s Mem."), ECF No. 22.  The Court has considered the parties' submissions[2] and the record evidence, and for the reasons discussed fully below, DENIES Mr. Del Cid's Motion for Attorney's Fees and Costs.

## BACKGROUND

### I. Mr. Del Cid's Immigration History and FOIA Request

Mr. Del Cid is a noncitizen of the United States, native of El Salvador, who entered the United States unlawfully by himself in October 2005 when he was nine years old.  *See* Pl.'s Mem. at 1.  He was apprehended at the border by immigration officials and taken into the custody of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE").  *See id.*  Mr. Del Cid was provided with a Notice to Appear and released to the care of his mother.  *See id.* at 1–2.  Mr. Del Cid attended several immigration hearings in 2006 with his mother, during which he was found to be removable, but he did not attend his final hearing on August 24, 2006.  *See id.* at 2.  At that final hearing, the immigration court entered an order of removal *in abstentia*; Mr. Del Cid claims neither he nor his mother received the order of removal and thus they were not aware that it had been issued.  *See id.* at 2–3.

In September 2020, Mr. Del Cid was informed that there was an active order for his removal, and that ICE intended to enforce it.  *See id.* at 3.  Because Mr. Del Cid was only ten years old when his removal proceedings took place, his attorney submitted a FOIA request to EOIR on November 2, 2020 to learn what occurred during those proceedings.  *See id*.  In the

---

[2] Pl.'s Mot.; Pl.'s Mem.; Def.'s Mem.; Pl.'s Reply to Def.'s Opp'n to Pl.'s Mot. for Fees & Costs ("Pl.'s Reply"), ECF No. 23.

FOIA request, Mr. Del Cid's attorney asked for his "entire file, including any and all Notices to Appear, Decisions, Transcripts and/or Minutes, as well as all Audio Records, related to prior immigration proceedings" (hereinafter, his "ROP"). Ex. A to Compl. at 1. On November 5, 2020, Mr. Del Cid's attorney submitted a request to expedite processing of the FOIA request. *See* Def.'s Mem. at 2.

EOIR confirmed receipt of Mr. Del Cid's FOIA request on November 16, 2020. *See* Ex. B to Compl. at 1, ECF No. 1-3. The response stated that the request involved "unusual circumstances," and thus the usual response time of 20 days would be extended by 10 additional days. *Id*. EOIR placed the request on "track two," which is the classification for "simple requests that do not involve voluminous records or lengthy consultation with other entities." *Id*. On November 19, 2020, EOIR notified Mr. Del Cid that his request for expedited processing was denied because "the request did not meet the standard for expedited processing." Def.'s Mem. at 2. After not receiving a response within 30 days, Mr. Del Cid contends that his attorney made several attempts to contact EOIR about his FOIA request and did not receive a response. *See* Pl.'s Mem. at 3. According to an affidavit from Selena Juarez Hernandez, an employee at the firm that employs Mr. Del Cid's attorney, a former paralegal from that firm attempted to communicate with EOIR about Mr. Del Cid's FOIA request on three occasions, leaving at least two voice messages. *See* Ex. 1 to Pl's Reply at 1, ECF No. 23-1.

EOIR states that it began processing Mr. Del Cid's request as early as December 7, 2020, when it "requested Plaintiff's ROP from the Baltimore Immigration Court staff who were responsible for ordering the ROP from the Federal Records Center." Def.'s Mem. at 3. This request asked the Baltimore Immigration Court staff to obtain Mr. Del Cid's ROP, along with ROP's responsive to 65 other FOIA requests. *See generally* Ex. E to Def.'s Mem, ECF No. 22-

3

2. EOIR denies that there was any "contact from the Plaintiff with the FOIA Service Center or the EOIR FOIA Public Liaison to inquire on the status of the request," and asserts that it was "diligently processing" Mr. Del Cid's request before he filed his Complaint. Def.'s Mem. at 3. There is no indication that EOIR affirmatively communicated with Mr. Del Cid in the more than three months between the denial of his request for expedited processing and the filing of Mr. Del Cid's lawsuit. *See generally* Def.'s Mem.

## II.     The Present Litigation and Subsequent Disclosure

After not receiving any further response from EOIR, Mr. Del Cid filed a complaint in the instant action on March 8, 2021 seeking disclosure of his ROP.[3] *See* Pl.'s Mem. at 3. EOIR released a copy of Mr. Del Cid's ROP on April 9, 2021. *See* Ex. G to Def.'s Mem., ECF No. 22-2. After reviewing the production, Mr. Del Cid's attorney found that audio files included in the production did not pertain to Mr. Del Cid (which EOIR disputes). *See* Pl.'s Mem. at 3; *see also* Def.'s Mem. at 3. Mr. Del Cid requested the correct audio files from EOIR on April 15, 2021, and EOIR secured an extension of the deadline for its Answer, so that it could locate and produce additional audio files before answering the complaint. *See* Ex. 5 to Pl.'s Mot. at 8, ECF No. 20-6; *see also* Consent Motion for Extension of Time to File Answer, ECF No. 11; April 20, 2021 Min. Order.

EOIR sent Mr. Del Cid a new CD with additional audio files on April 16, 2021, but his attorney was again unable to identify any records pertaining to Mr. Del Cid. *See* Def.'s Mem. at

---

[3] This matter was initially assigned to then-Judge Ketanji Brown Jackson before her elevation to the United States Court of Appeals for the District of Columbia Circuit and the United States Supreme Court. After Justice Jackson's elevation, the parties consented to proceed before a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. *See* Joint Status Report, ECF No. 24. The matter was then randomly assigned to Magistrate Judge Robin M. Meriweather for all purposes. *See* July 7, 2022 Min. Entry.

3; *see also* Ex. 5 to Pl.'s Mot. at 7. EOIR sent Mr. Del Cid a third audio CD on April 20, 2021, but his attorney was unable to open the files stored on the CD. *See* Ex. 5 to Pl.'s Mot. at 3–4. On April 26, 2021, EOIR sent Mr. Del Cid a fourth CD, which included files pertaining to Mr. Del Cid, but did not include the August 2006 hearing during which Mr. Del Cid was ordered to be removed from the United States. *See* Ex. 5 to Pl.'s Mot. at 2–3; *see also* Def.'s Mem. at 3–4; Pl.'s Mem. at 3–4.

On May 3, 2021, EOIR emailed Mr. Del Cid's attorney explaining that it would investigate the issue with the audio CD and requested consent to another extension to file its Answer. *See* Ex. 5 to Pl.'s Mot. at 1. Mr. Del Cid's attorney responded that "[w]e can only agree to a one week extension . . . [Mr. Del Cid] is detained and this is holding us up on our next steps." *Id.* On May 4, 2021, EOIR filed a motion to further extend the Answer deadline, explaining to the Court that "[t]he Agency is in the process of locating a remaining audio recording from August 2006." Consent Mot. for Extension of Time to Answer at 2, ECF No. 12; *see also* Pl.'s Mem. at 4.

On May 4, 2021, EOIR emailed Mr. Del Cid's attorney explaining that the audio recording of Mr. Del Cid's August 2006 immigration proceeding could not be located, and "[t]here is no further processing to effectuate at this time and the FOIA request remains closed." Ex. 7 to Pl.'s Mot. at 1, ECF No. 20-8. EOIR filed its Answer to Mr. Del Cid's Complaint on May 11, 2021. *See* Answer, ECF No. 13.

### III. Mr. Del Cid's Motion for Attorney's Fees and Costs

Mr. Del Cid has filed a Motion for Attorney Fees and Costs. *See generally* Pl.'s Mot. Mr. Del Cid contends that he "substantially prevailed" in this litigation, and is thus eligible to recover attorney's fees, because "the initiation of these proceedings was the catalyst that changed the legal relationship between the parties," leading to EOIR's disclosure of Mr. Del Cid's ROP.

5

Pl.'s Mem. at 5.  Mr. Del Cid asserts that the "looming deadline to file an answer . . . compelled and motivated Defendant to provide Plaintiff with the requested documents or face consequences from this Court." *Id.*  He posits that, before the litigation was filed, EOIR could ignore the request with no fear of consequences, whereas after the litigation was filed, EOIR was forced to change its position for fear of punishment from the Court. *See id.*  Mr. Del Cid points to EOIR's multiple requests for extensions to file its Answer while attempting to produce Mr. Del Cid's records as evidence of how his lawsuit changed the relationship between the parties. *See id.*  Mr. Del Cid also contends that he has satisfied the factors necessary to show that he is entitled to a fee award, *see id.* at 6–9, and that the requested fees are reasonable. *See id.* at 9.  Further, Mr. Del Cid contends that he is entitled to recover fees-on-fees for the time his attorney spent negotiating and litigating the fee issue. *See id.* at 10.

      EOIR opposes the motion for attorney's fees. *See generally* Def.'s Mem.  EOIR contends that Mr. Del Cid is neither eligible for nor entitled to recover attorney's fees and costs. *See id.* at 5.  EOIR argues that Mr. Del Cid has not "substantially prevailed" under the catalyst theory, as he has offered no proof of a "causal nexus" between this lawsuit and EOIR's production of records. *See id.* at 8.  EOIR highlights that there has been no other litigation on "any matter pertaining to the processing of the Plaintiff's FOIA request and the only orders issued by this Court concerned the filing of joint status reports and the setting of a briefing schedule." *Id.* at 4.  EOIR argues that the delay in producing Mr. Del Cid's ROP was due to the fact that ROP's are maintained as hard copies, and during the time that the request was pending EOIR employees faced challenges with retrieving records because they were primarily working outside of the office due to the COVID-19 pandemic. *See id.* at 2.  EOIR also cites a significant backlog of FOIA requests as a factor delaying processing of Mr. Del Cid's request. *See id.*

6

EOIR further contends that Mr. Del Cid has not met the requirements necessary to show that he is entitled to recover fees. *See id.* at 9. EOIR does not address the reasonableness of Mr. Del Cid's requested fee amount. *See generally* Def.'s Mem.

## LEGAL STANDARD

Courts have discretion to "assess against the United States reasonable attorney fees and other litigation costs reasonably incurred" during a FOIA lawsuit "in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). To recover attorney's fees and costs, a plaintiff must demonstrate both eligibility for and entitlement to a fee award. *See Brayton v. Off. of the U.S. Trade Representative*, 641 F.3d 521, 524 (D.C. Cir. 2011). To be eligible for an award of attorney's fees, a plaintiff must show that he "substantially prevailed" in the lawsuit by "obtain[ing] relief through" either "a judicial order" or "a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii); *see also Brayton*, 641 F.3d at 525. The second method of establishing eligibility, or the "catalyst theory," requires the plaintiff to prove that filing the lawsuit "substantially caused the government to release the requested documents before final judgment." *Grand Canyon Tr. v. Bernhardt*, 947 F.3d 94, 96 (D.C. Cir. 2020) (quoting *Brayton*, 641 F.3d at 524–25)).

Once a plaintiff proves that he is eligible to recover attorney fees, he must also show that he is entitled to a fee award. *See Dorsen v. United States Sec. & Exch. Comm'n*, 15 F. Supp. 3d 112, 120 (D.D.C. 2014). To determine whether a plaintiff is entitled to a fee award, courts balance "(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding of the requested documents." *Id.* at 117 (internal quotation marks and citation

omitted). None of the entitlement factors are dispositive. *See id.* "[I]n evaluating a plaintiff's entitlement to fees, courts must keep in mind the underlying purpose of awarding fees in FOIA cases: to encourage plaintiffs to bring FOIA lawsuits that further the public interest, and to compensate plaintiffs for 'enduring an agency's unreasonable obduracy in refusing to comply with the [FOIA's] requirements.'" *Env't Integrity Project v. Gen. Servs. Admin.*, No. 18-CV-0042, 2021 WL 3464337, at *5 (D.D.C. Aug. 6, 2021) (quoting *ACLU v. U.S. Dep't of Homeland Sec.*, 810 F. Supp. 2d 267, 276 (D.D.C. 2011)). Finally, once a plaintiff establishes eligibility and entitlement to attorney's fees, he must "demonstrate[] that the requested fees and costs are reasonable." *Id.* (citing *Jud. Watch, Inc. v. U.S. Dep't of Just.*, 878 F. Supp. 2d 225, 238 (D.D.C. 2012)).

## DISCUSSION

The parties dispute whether Mr. Del Cid has "substantially prevailed" in this litigation and is thus eligible to recover attorney's fees. To make that showing, Mr. Del Cid "must demonstrate that 'the institution and prosecution of the litigation cause[d] the agenc[ies] to release the documents obtained during the pendency of the litigation.'" *Grand Canyon Tr. v. Zinke*, 311 F. Supp. 3d 381, 388 (D.D.C. 2018) (quoting *Church of Scientology of Cal. v. Harris*, 653 F.2d 584, 588 (D.C. Cir. 1981)). "The law in this Circuit is well established that causation requires more than correlation," *id.*, and "the mere filing of the complaint and the subsequent release of the documents is insufficient to establish causation." *Weisberg v. U.S. Dep't of Just.*, 745 F.2d 1476, 1496 (D.C. Cir. 1984). The plaintiff must show a "causal nexus" between the litigation and the subsequent disclosure of requested information. *Conservation Force v. Jewell*, 160 F. Supp. 3d 194, 201–02 (D.D.C. 2016). "The sequence of events—as well as the Government's representations throughout" the events—are nonetheless relevant when

ascertaining whether the plaintiff's lawsuit was the catalyst that prompted disclosure.  *Am. Immigr. Council v. U.S. Dep't of Homeland Sec.*, 82 F. Supp. 3d 396, 404 (D.D.C. 2015); *see also Elec. Priv. Info. Ctr. ("EPIC I") v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 2d 216, 232 (D.D.C. 2011) (recognizing that the timing and sequence of events is "a salient factor in the [Court's] analysis") (internal quotation marks and citation omitted).  If "a lack of actual notice of a request or an unavoidable delay accompanied by due diligence in the administrative processes was the actual reason for the agency's failure to respond to a request, then it cannot be said that the complainant substantially prevailed in [the] suit." *Church of Scientology*, 653 F.2d at 588 (quoting *Cox v. U.S. Dep't of Just.*, 601 F.2d 1, 6 (D.C. Cir. 1979)).

      Here, the sequence of events clearly shows a correlation between Mr. Del Cid's lawsuit and EOIR's release of his ROP.  When the complaint was filed, EOIR had not released any records to Mr. Del Cid and had denied his request for expedited processing.  After the complaint was filed, EOIR released the ROP, and subsequently supplemented its release by providing the additional audio files that Mr. Del Cid's counsel had requested.  Mr. Del Cid contends that the Court should infer from these circumstances that the "looming deadline to file an answer" compelled EOIR to provide him with his ROP in order to avoid consequences from the Court, and that those "impending consequences" changed the relationship between the parties by making it more risky for EOIR to ignore Mr. Del Cid's request.  Pl.'s Mem at 5.  EOIR's acknowledgement that the steps that it took to produce Mr. Del Cid's ROP from April 9, 2021 through May 4, 2021 were "extraordinary," Def.'s Mem at 3, supports Mr. Del Cid's position, as "an agency's 'sudden acceleration' in processing a FOIA request may lead to the conclusion that the lawsuit substantially caused the agency's compliance with FOIA." *Elec. Priv. Info. Ctr.*

9

(*"EPIC II"*) *v. U.S. Dep't of Homeland Sec.*, 218 F. Supp. 3d 27, 41 (D.D.C. 2016) (citation omitted).

EOIR argues that despite the timing of its release, there is no causal relationship between the filing of Mr. Del Cid's complaint and its release of records in response to his FOIA request. *See* Def.'s Mem. at 8.  Instead, EOIR asserts that Mr. Del Cid's FOIA request was being processed before he filed his Complaint.  *See id.*  To support this position, EOIR cites the declaration of Crystal R. Souza, Supervisory Government Information Specialist with EOIR's FOIA Service Center in Falls Church, VA.  *See* Declaration of Crystal R. Souza ("Souza Declaration"), ECF No. 22-1.

Ms. Souza explains that EOIR took steps to process and prepare a response to the FOIA request before Mr. Del Cid filed his complaint.  *See id.*  Specifically, after receiving the request, EOIR FOIA Service personnel searched a database using Mr. Del Cid's name and/or unique alien registration, or "A" number.  *See id.* ¶¶ 5, 11.  That search revealed that the ROP was located at the Federal Records Center in Suitland, MD ("Suitland FRC").  *See id.* ¶ 11. Accordingly, the ROP had to be ordered or retrieved from the Suitland FRC, which is part of a distinct agency—the National Archives and Record Administration.  *See id.* ¶ 5 & n.1.  In December 2020, EOIR's FOIA Service Center requested the ROP from the Baltimore Immigration Court, whose staff were then responsible for ordering the ROP from Suitland FRC. *See id.* ¶¶ 5, 11, 14.  Under standard procedures, once such a request is made, EOIR waits to receive the hard copy of the ROP from the FRC and then sends it to a third-party contractor to be scanned to a compact disc.  *See id.* ¶ 6.  Only after that process has been completed can EOIR release the records to the requester.  *See id.*

10

Ms. Souza also cites a significant backlog of FOIA requests, as well as limitations on accessing paper files due to the COVID-19 pandemic and staffing shortages, to explain the delay in processing Mr. Del Cid's request. *See id.* ¶¶ 8–9. Staffing changes resulting from the COVID-19 pandemic hampered the FOIA Service Center staff's ability to access hard copy ROPs which, in turn, made their ability to retrieve ROPs responsive to FOIA requests "limited and constantly changing." *See id.* ¶ 9. Baltimore Immigration Court staff faced similar limitations and challenges. *See id.* ¶ 14. EOIR has had a significant FOIA backlog for the last several years; in fiscal year 2020, EOIR processed 42,764 FOIA requests and had a backlog of 10,923 FOIA requests, and in fiscal year 2021, EOIR processed 29,200 requests for ROPs and had a backlog of approximately 29,735 of such requests. *See id.* ¶ 8. Further, the Suitland FRC has reduced in person staffing due to the COVID-19 pandemic and as of January 2022 it was ordering ROPs for only detained Respondents. *See id.* ¶ 14.

Ms. Souza's declaration demonstrates that this is a case in which the temporal proximity between the filing of the lawsuit and the agency's release of documents does not establish a causal connection between the two. "[C]ausation requires more than correlation." *Zinke*, 311 F. Supp. 3d at 388. "[T]o establish eligibility for attorney's fees, a FOIA plaintiff must show that its lawsuit caused a change in the agency's position regarding the production of requested documents." *Bernhardt*, 947 F.3d at 98. EOIR already was well down the path towards releasing responsive records when Mr. Del Cid filed his complaint. Like the agency in *Calypso Cargo Ltd. v. U.S. Coast Guard*, EOIR "made a good faith effort to search for information and respond to plaintiff's request," and the delayed release of responsive records "was not due to intransigence, but rather was the result of a diligent, ongoing process that began before the initiation of the instant lawsuit." 850 F. Supp. 2d 1, 5 (D.D.C. 2011). In these circumstances,

the complaint cannot be said to be the catalyst or cause for the agency's release of records. *See id.*; *Bigwood v. Def. Intel. Agency*, 770 F. Supp. 2d 315, 321 (D.D.C. 2011) (holding that no causal nexus existed between the litigation and release although "production was 'extraordinarily delayed,'" because the agency searched for and reviewed documents prior to litigation).

The fact that EOIR had already begun processing and attempting to locate responsive records before the complaint was filed distinguishes this case from *EPIC I,* on which Mr. Del Cid relies. In *EPIC I*, the plaintiff filed two FOIA requests in April and July of 2009, and the defendant did not produce any documents until nearly one month after the plaintiff filed suit in November 2009. *See* 811 F. Supp. 2d at 232. The court found that the plaintiff "substantially prevailed" because the defendant "[did] not claim to have conducted any substantive searches for records prior to the commencement of the litigation." *Id.* at 232–33. Here, in contrast, EOIR took affirmative steps to obtain the responsive records from an outside agency before the complaint was filed. *See* Souza Declaration ¶¶ 5-14. Thus EOIR, unlike the agency in *EPIC I*, "performed its due diligence in processing plaintiff's FOIA requests" before litigation commenced. *EPIC I*, 811 F. Supp. 2d at 233. EOIR also explained the nature of the backlog and staffing shortages that delayed its release of the requested records. *Compare id.* (rejecting defendant's justification that the agency's delay in producing records was due to a FOIA request backlog because defendant did not provide evidence of the backlog nor demonstrate diligence in processing the complaint).

In sum, Mr. Del Cid has not established that his initiation and prosecution of this lawsuit was the catalyst behind EOIR's production of his ROP. Consequently, Mr. Del Cid has not "substantially prevailed" in this litigation and is ineligible for an award of attorney's fees and costs. Mr. Del Cid's failure to demonstrate that he is eligible for attorney's fees under FOIA

renders it unnecessary for the Court to determine whether he is entitled to fees or whether fees-on-fees should be awarded.

## CONCLUSION

For the foregoing reasons, the Court finds that Mr. Del Cid is not eligible to recover attorney's fees and costs, and hereby ORDERS that Mr. Del Cid's Motion for Attorney's Fees and Costs is DENIED.

Dated: March 30, 2023

HON. ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE